### B. H. McANELLY v. WARD BROS.

#### No. 6111.

**Acceptance and Waiver of Citation.**—Under article 1347a, Revised Statutes (Laws 19th Legislature, 1885, p. 33) acceptance of service with waiver of issuance and service of citation made prior to the institution of suit will not support a judgment by default.

ERROR from San Saba. Tried below before Hon. A. W. Moursund. The facts of the case sufficiently appear in the opinion.

*Burleson & Harris,* for plaintiff in error. — No acceptance or waiver

of service shall be made until after suit shall be brought, and no accept-
ance of service or waiver of process executed prior to the institution of
suit shall give the court in which suit is thereafter instituted jurisdiction
and authority to render judgment therein against the defendant who may
have executed such acceptance or waiver.   Chap. 34, secs. 1 and 2, Gen.
Laws of Texas, 19th Leg., Act of March 18, 1885, pp. 33 and 34.

*Fisher & Townes*, for defendants in error.—The statute referred to in
brief of plaintiff in error was not intended to cover cases like this, where
the petition was already prepared, and the defendant as a favor to him
was permitted to endorse his waiver of service on the petition, which was
actually filed as the pleading in the case.   Its purpose and object was to
prevent creditors from obtaining undue advantage over debtors, and not
to afford debtors opportunity to hinder, delay, and defraud creditors.

Acker, Presiding Judge.—On the 27th of April, 1886, appellant
signed a written acceptance of service and waiver of issuance and service
of process, endorsed upon a petition which had been prepared to be filed
in a suit against him by appellees on two promissory notes.

On the next day, April 28th, 1886, the petition was filed and the case
entered upon the docket.

On May 10th, 1886, appellant moved to quash the acceptance and
waiver of service upon the ground that it was made before the suit was
filed, the motion stating that the appearance was for the purpose of the
motion only.   The motion was overruled.

On May 14th, 1886, judgment by default was rendered against appel-
lant, and on the same day he filed a motion to set aside the judgment be-
cause "there was no such service, acceptance, or waiver thereof as author-
orized the court to render the judgment."

The motion was overruled and the case is brought here by writ of error.

The Nineteenth Legislature enacted the following amendment to the
general statutes:

"Article 1347*a*.   The acceptance of service and waiver of process pro-
vided for in article 1240, and the entry of appearance in open court as
provided for in article 1241, for the confession of judgment as provided
for in article 1347, shall not in any action be authorized by the contract
or instrument of writing sued on, or any other instrument executed prior
to the institution of such suit, nor shall such acceptance or waiver of
service be made until after suit brought."   Gen. Laws, 1885, 33.

We think this statute in its application to this case admits of but one
construction, and that is that acceptance of service and waiver of issu-
ance and service of process made prior to the institution of the suit will
not support a judgment by default.   It is contended by appellees that
the Legislature never intended this law to apply to cases like this, but

that the purpose of the Legislature was to prevent creditors from obtaining undue advantage over debtors.

In reply to this we deem it sufficient to say that it is beyond our power to exempt from the operation and effect of a general law any case that clearly comes within both the spirit and the letter of the law.

We think the court erred in refusing to set aside the judgment, for which it should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 18, 1888.