Minnie S. O'Neal et al. v. J. M. Clymer.

Decided May 13, 1899.

1. **Judgment by Agreement—Waiver Before Suit Filed.**

A stipulation by the defendant, indorsed on plaintiff's petition before its filing, to the effect that he accepted service, waived process, and agreed that judgment might be taken thereon, is within the prohibition of article 1349, Revised Statutes, forbidding the entry of agreed judgments by virtue of any instrument of writing executed before the filing of the suit, and since such stipulation conferred no jurisdiction on the court, its judgment thereon was void and subject to collateral attack.

2. **Same—Presumption Not Indulged.**

It will not be presumed that a waiver of service and agreement for judgment were indorsed upon the petition after it was filed, when the agreement incorporated on the statement of facts recites that the petition was filed September 16, and that the parties agreed that the petition might be filed and judgment taken any time after the first Monday in September.

Appeal from Hunt. Tried below before Hon. Howard Templeton.

*Lee A. Clark* and *Montrose & Pierson,* for appellant.

*J. G. Matthews,* for appellees.

FINLEY, Chief Justice.—This is a suit of trespass to try title, filed by J. M. Clymer against J. C. O'Neal and his wife, Minnie S. O'Neal, and other parties, for an undivided half interest in the land described in the petition. The petition is in the usual form of such actions, with these additional allegations as to Minnie S. and J. C. O'Neal:

"That plaintiff and defendant Minnie S. O'Neal claimed an undivided one-half interest in said land under J. C. O'Neal, as the common source of title; that plaintiff is the owner of such land by virtue of a valid judgment, execution, sheriff's sale, and sheriff's deed in favor of plaintiff against defendant J. C. O'Neal, said sheriff's deed bearing date September 7, 1898, and said judgment, execution, sheriff's sale, and sheriff's deed being based upon a note executed by defendant J. C. O'Neal, and T. E. Byrd on the 4th of December, 1891, for the sum of $612 with interest from date at rate of 10 per cent per annum, and due twelve months after date; that the defendant Minnie S. O'Neal claims said land under an instrument of writing, purporting to be a deed of gift of a life estate in said land, from her husband J. C. O'Neal, bearing date September 7, 1891, and duly recorded in book 65, p. 138, Hunt County record of deeds, with the following stipulation in said deed: 'It is hereby made a special stipulation that at the death of my wife Minnie S. O'Neal the above described property, or the proceeds thereof, remaining in her the said Minnie O'Neal, is to revert to me the said J. C. O'Neal, and my bodily heirs.'

"That said deed is void as against plaintiff for the following reasons:

"(1) The effect of said deed would only be to put the estate in his wife for life, which would not detract from his control and management thereof, nor of its use, ownership, and appropriation of the rents and

proceeds of the same, and confers no benefit whatever on Mrs. O'Neal; and such instrument is in violation of the statute, and does not have the effect of putting the title or possession of said land out of the reach of the creditors of the husband, as shown upon the face of the deed.

"(2) Because said deed was made without a valuable consideration, and with no intention of passing the title or possession, but with the understanding that the grantee would hold in trust for the said J. C. O'Neal such title as he made to her during her lifetime, and was accepted by her with said understanding.

"(3) Because said instrument was voluntary and made when defendant was insolvent, and the note on which plaintiff's said judgment was based was given for money borrowed by J. C. O'Neal from the said J. M. Clymer to apply to the payment of debts which existed prior to the date of said deed to Minnie S. O'Neal.

"(4) Because said deed was made for the purpose of hindering, delaying, and defrauding the future as well as existing creditors of said J. C. O'Neal out of their just debts."

The case was tried by the court without a jury and resulted in a judgment for the plaintiff, from which the defendant has appealed. No conclusions of fact and law were filed by the trial judge.

*Opinion.*—The appellee introduced in evidence as muniments of title a judgment, execution, and sheriff's deed. The judgment is as follows:

"J. M. Clymer v. J. C. O'Neal et al. No. 2194.—September 16, 1896.— On this day, this cause being called, came plaintiff, and it appearing that the following is indorsed on plaintiff's original petition in this suit, viz.: 'We accept service on the within petition, waive citation and service, and agree that petition may be filed and judgment taken at any time after the first Monday in September, 1896. (Signed) J. C. O'Neal, T. E. Byrd.'

"And the defendants having failed to appear and answer herein, it is considered by the court that the plaintiff ought to recover his damages by reason of the premises; and it appearing to the court that plaintiff's cause of action is liquidated and proven by an instrument of writing, signed by the defendants, it is ordered that the clerk of the court do assess the damages sustained by plaintiff; and said clerk having now here assessed the damages as aforesaid at the sum of $876.96, principal, interest, and attorney's fees, it is therefore ordered and adjudged that plaintiff J. M. Clymer, do have and recover of the defendants J. C. O'Neal and T. E. Byrd, the sum of $876.96, with interest thereon at the rate of 10 per cent per annum from this date, together with his costs, for which let execution issue."

The execution was issued upon the judgment recited, and the sheriff's deed evidenced a sale under the execution. These instruments were objected to by appellants, because it appears upon the face of the judgment that the acceptance of service and waiver of process and agreement for judgment was made, signed, and executed prior to the institution of the suit, which is inhibited by the laws of Texas, and that no acceptance,

waiver of service, or agreement for judgment can lawfully be made until after suit is filed, and for this reason the judgment is invalid. It fully and plainly appears that the acceptance of service, waiver of citation and service thereof, and agreement that the petition may be filed and judgment taken at any time after the first Monday in September, 1896, was made before the petition was filed. It also appears from the recitals in the judgment that the court assumed jurisdiction of the defendants and rendered the judgment upon that acceptance, waiver, and agreement for judgment.

The provisions of our Revised Statutes relating to the subject here presented are as follows:

"Art. 1240. The defendant may accept service of any process, or waive the issuance of service thereof by a written memorandum signed by him or by his duly authorized agent or attorney, and filed among the papers of the cause; and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law.

"Art. 1241. The defendant may in person, or by attorney, or by his duly authorized agent, enter an appearance in open court, and such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if citation had been duly issued and served as provided by law.

"Art. 1348. Any person indebted, or against whom a cause of action exists, may without process appear, in person or by attorney, and confess judgment therefor in open court; but in such case a petition should be filed and the justness of the debt or cause of action be sworn to by the person in whose favor the judgment is confessed.

"Art. 1349. The acceptance of service and waiver of process, provided for in article 1240, and the entry of appearance in open court as provided for in article 1241, or the confession of judgment as provided for in article 1348, shall not in any action be authorized by the contract or instrument of writing sued on, or any other instrument executed prior to the institution of such suit, nor shall such acceptance or waiver of service be made until after suit brought."

The article last recited plainly prohibits the acceptance and waiver of service of citation and the agreement for judgment before the institution of the suit. This statutory prohibition rendered the agreement indorsed on the petition illegal and void, and it could not have the effect to give the court jurisdiction of the defendants in that suit. McAnally v. Ward, 72 Texas, 343; Railway v. Rawlins, 80 Texas, 581. It being manifest upon the face of the judgment that the court rendering it had not jurisdiction of the defendants in the suit, the judgment was unauthorized and void and could not be the basis of a valid execution. Plaintiff specially deraigned his title in his pleadings, and his claim is made to rest solely upon the execution sale under this judgment, and as the judgment is void he has shown no title.

There being no state of the evidence upon which he could properly recover. the judgment will be reversed and here rendered for appellant.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

In the written argument upon the motion for rehearing, it is urged that we should presume that the waiver of service and agreement for judgment was indorsed upon the petition after it was filed. As stated in the original opinion, we think the contrary is manifest from the recitals in the judgment. But this is put beyond cavil by the agreement of the parties, which is incorporated in the statement of facts. It is as follows: "It was agreed that plaintiff's petition in cause No. 2194, County Court of Hunt County, Texas, J. M. Clymer v. J. C. O'Neal et al., under which plaintiff claims in this suit, and on which the judgment is based, was filed September 16, 1896, and the judgment rendered on the same day, and that the only service or citation and agreement was that which was indorsed on said petition, and was the only service had upon said J. C. O'Neal and T. E. Byrd before said petition was filed, and it contains the same recital of service as does said judgment, which is: 'We accept service on the within petition, waive citation and service, and agree that the petition may be filed and judgment taken at any time after the first Monday in September, 1896. (Signed) J. C. O'Neal, T. E. Byrd.'"

Such a waiver being prohibited by statute, was void and of no effect, and the court therefore had no jurisdiction to render the judgment. The court being without jurisdiction, the judgment was void and subject to collateral attack. McCrary v. Ware, 51 Pac. Rep., 293.

We find no good reason to change our disposition of the case, and the motion will be overruled.

*Overruled.*

Writ of error refused.