**BRAGDON v. WRIGHT et al.**

No. 5630.

Court of Civil Appeals of Texas. Texarkana.

July 3, 1940.

Rehearing Denied July 18, 1940.

———◇———

Percy Woodard, of Marshall, for plaintiff in error.

Cornelius & Heaton, and Shelburne H. Glover, all of Jefferson, for defendants in error.

JOHNSON, Chief Justice.

Hettie Wright and Walter Wright were married September 5, 1936. They lived together as husband and wife only a short time, when it is alleged that Walter was persuaded by a relative, Brozier Green, to leave Hettie and live with said relative. Walter was drawing compensation as an ex-soldier of the World War. G. T. Haggard was his guardian. Hettie was told that Walter was a ward of the federal government and that she had violated the law in marrying him. She was threatened with violence and criminal prosecution unless she signed a waiver of service of citation and consented to his getting a divorce. After the waiver was executed, a suit was filed in the 76th District Court of Marion County, on April 30, 1937, styled Walter Wright by his Guardian and Next Friend, G. T. Haggard, v. Hettie Wright, No. 11443, on the docket of said court, asking that said marriage relationship be dissolved on the alleged ground that Walter was of unsound mind at the time of the mar-

riage and mentally incapable of entering into the marriage contract. No citation was issued and served nor any character of notice given Hettie of the pendency of said suit, other than the purported waiver executed prior to the filing of said suit. She did not appear or file any answer therein. On May 11, 1937, judgment was entered in said cause dissolving the marriage relationship existing between Walter and Hettie. Walter died in August of the same year, intestate, seized and possessed of 52 acres of land and certain personal property comprising his separate estate. Hettie did not learn of the rendition of said judgment until more than six months after its entry, whereupon she filed the present suit, on December 22, 1937, in the Fifth and subsequently transferred it to the Seventy-sixth District Court of Marion County, against G. T. Haggard, the former guardian of Walter Wright, and K. J. Bragdon, temporary administrator of the estate of Walter Wright, deceased, asking that the judgment in cause No. 11-443 be set aside, on the alleged grounds, in substance, that Walter Wright was not insane or mentally incapable of entering into the marriage contract at the time he and Hettie married, and that the judgment in said cause was procured through fraud committed upon Hettie and upon the court; and that no jurisdiction had been procured over the person of Hettie in that the purported waiver was executed prior to the filing of said suit, in violation of the provisions of Article 2224, R.C.S., and for that reason constituted no notice. Trial of the present suit was to a jury, upon special issues, in answer to which the jury found:

"(1) That G. T. Haggard procured the execution of the waiver of service of citation in cause No. 11,443, either in person or through other persons, by the fraudulent representations and intimidations alleged in plaintiff's third amended original petition;

"(2) that Hettie Wright executed the waiver of service of citation in cause No. 11,443, through fear of bodily injury or criminal prosecutions;

"(3) that the waiver of service of citation in cause No. 11,443 was signed by Hettie Wright before April 30th, the date that the petition in said cause was filed;

"(4) that at the time of the marriage of Hettie Wright and Walter Wright, said Walter Wright had sufficient mental capacity to know and understand the nature of the contract and relationship he was assuming;

"(5) that Hettie Wright did not know of the rendition of the judgment in cause No. 11,443, dated May 11, 1937, within six months from the time said judgment was rendered;

"(6) that Hettie Wright was without fault in not moving to set aside the judgment rendered on May 11, 1937, in the case of Walter Wright, by G. T. Haggard as guardian and next friend vs. Hettie Wright, prior to December 22, 1937;

"(7) that the judgment annulling the marriage of Walter Wright and Hettie Wright rendered on May 11, 1937, was procured through the fraud of the defendant, G. T. Haggard;

"(8) that Hettie Wright was wholly without fault in allowing the rendition of the judgment annulling her marriage to Walter Wright; and

"(9) that Hettie Wright was not a procuring cause of the rendition and entering of the judgment dated May 11, 1937, annulling the marriage of Walter Wright and Hettie Wright."

Upon the findings of the jury judgment was entered setting aside the judgment in cause No. 11,443. Defendant Bragdon as administrator of the estate of Walter Wright, deceased, appealed by way of writ of error.

None of the appellant's propositions are supported by statement of the facts upon which they are based or any reference to the pages of the record where the same may be found, and for that reason do not comply with Rule 31 for the preparation of briefs for Courts of Civil Appeals, except appellant's proposition No. 4; which proposition we think is sufficient to raise the contention made under it to the effect that since the judgment in cause No. 11,-443 is regular upon its face and rendered by a court of competent jurisdiction that its invalidity for want of jurisdiction over the person of the defendant Hettie Wright, and for fraud in its procurement, could not be shown except in a direct attack and that to constitute same a direct attack all parties to be affected by setting said judgment aside must be before the court. The contention is that the collateral kin of Walter Wright would be affected by setting said judgment aside and that they were not parties to the present suit.

It appears that Walter Wright's father and mother died prior to his death and that he had no brothers and sisters, but has collateral kin. If the judgment in cause No. 11,443 is permitted to stand, the collateral kin of Walter Wright will inherit his property, if any, left after his creditors are satisfied; and if the judgment is vacated, the property will be inherited by Hettie Wright. In the present suit Hettie seeks only to cancel the judgment in cause No. 11,443 and does not seek to recover the property. But it is apparent that the collateral kin of Walter Wright have an interest in maintaining the judgment and will be materially affected by its cancellation. The judgment in cause No. 11,443 is regular on its face and recites waiver of notice by the defendant Hettie Wright. It was shown without objection to the testimony that the waiver of notice was executed prior to the filing of said suit. A waiver of notice executed prior to the filing of a suit is void and will not support a judgment. Article 2224, R.C.S.; McAnelly v. Ward, 72 Tex. 342, 12 S.W. 206; O'Neal v. Clymer, 21 Tex.Civ.App. 386, 52 S.W. 619. A judgment rendered without acquiring jurisdiction over the defendant by some character of lawful notice, waiver or appearance is generally said to be void. But such expression is not entirely correct, because a void judgment is one without any force or effect and may for that reason be attacked in any court in any proceeding, either directly or collaterally. Though entered without jurisdiction having been in fact acquired over defendant (as was the case in the judgment here attacked) a judgment that is regular on its face and rendered by a court of general jurisdiction has a binding effect until set aside in a direct attack. Such is so for the reason that our courts accord absolute verity to the jurisdictional recitals contained in such a judgment. Such a judgment does not yield to a collateral attack. Fraud in its procurement, or failure to give notice may be shown only in a direct attack, unless the judgment attacked affirmatively reflects the want of notice. Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277. To constitute a direct attack upon a judgment the suit must be filed in the court in which the judgment was rendered and have before the court all parties that may be affected by setting it aside. In Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, 934, it is said that for an attack upon a judgment to be a direct attack "all persons who might be in any way affected by its result must be before the court." So, it appears that the collateral kin of Walter Wright are necessary parties to the suit in the attack made by appellee upon the judgment in cause No. 11,443. The serious question now arises as to whether or not, upon the undisputed facts, shown below, the collateral kin of Walter Wright may be regarded as being parties to the present suit. They were not formally named as defendants. But they employed an attorney to represent them and gave him written power to do so. The attorney did not file a formal plea of intervention in their name. But he appeared in court, presented and urged all defenses upon the trial, by pleadings filed in the name and with the consent of the administrator of the estate of Walter Wright. In other words, the collateral kin of Walter Wright through their attorney voluntarily appeared in court, took exclusive charge and control of the defense, filed and presented all the necessary and proper answers and pleas, selected the jury, examined and cross-examined the witnesses, and litigated every issue as effectively as could have been done had they formally intervened or otherwise appeared in their own name instead of in the name of the administrator of the estate of Walter Wright. In the case of Haines v. West, 101 Tex. 226, 105 S.W. 1118, 1119, 130 Am. St.Rep. 839, our Supreme Court held that a party who had voluntarily made herself a party to a suit under an assumed name "was, in fact, a real party to the suit" and was bound by the judgment rendered therein. In the case of American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S.W. 908, 910, 37 A.L.R. 633, the Supreme Court quoted with approval from 15 R.C.L. §§ 481, 483, the rule of law that "courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered." In the case of Utilities Ins. Co. v. Montgomery, 134 Tex. 640, 138 S.W.2d 1062, the holding in the Fellbaum case was distinguished, but approval of the above-quoted rule does not appear to have been withdrawn. The facts of the case before us clearly come within such rule, and we do not see any reason for withholding its application. Therefore we hold that the collateral kin of Walter Wright were real parties to the present suit, in the sense that they were sufficiently

before the court to authorize it to adjudicate the issue of invalidity of the judgment in cause No. 11,443 for want of notice to or jurisdiction over Hettie Wright, the defendant in said cause.

The judgment of the trial court will be affirmed.