**FIDELITY UNION LIFE INSURANCE COMPANY, Appellant,**

v.

**Leland EVANS, Appellee.**

**No. 17677.**

Court of Civil Appeals of Texas, Dallas.

June 11, 1971.

Rehearing Denied July 16, 1971.

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellant.

Ben Warder, Jr., Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellee.

GUITTARD, Justice.

This appeal from an order sustaining a plea of privilege turns on the validity of a contractual provision authorizing suit to be brought in a particular county. We hold the provision invalid.

Fidelity Union Life Insurance Company sued its former agent, Leland Evans, in Dallas County to enforce a covenant not to compete for a two year period after termination of his employment. Defendant pleaded his privilege to be sued in Travis County, where he worked and resided. Plaintiff alleged in its controverting plea that defendant entered into a contract in writing with plaintiff performable in Dallas County within Vernon's Tex.Rev.Civ. Stat.Ann., Art. 1995, subdivision 5 (1964), and that defendant expressly contracted for venue of such action in Dallas County and waived any right to deny such venue.

Evidence at the hearing showed that several years after plaintiff employed defendant as an insurance agent, the parties signed a written "Supplement to Agent's Contract," containing a covenant by defendant not to compete with plaintiff within two years after his employment terminated, and further providing:

"For violation of this provision the Agent agrees that the Company shall be entitled to an injunction to be issued by the District Court of Dallas County, Texas, enjoining and restraining the Agent, and each and every person or firm concerned therein, from the continuance of such employment, service, or other act in aid of the business of such rival company or concern, this to be in addition to any other remedy at law or in equity available to the Company."

The trial court granted a temporary injunction, but sustained the plea of privilege and transferred the cause to Travis County. The venue ruling was apparently based on the following provision of Tex.Rev.Civ. Stat.Ann., Art. 4656 (1952):

"* * * writs of injunction * * *, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, * * *."

Plaintiff points out that this statute concerns venue rather than jurisdiction, citing Ex Parte Coffee, 160 Tex. 224, 328 S.W.2d 283 (1959), and contends that the contractual provision quoted amounts to a waiver of the statutory venue privilege. Plaintiff relies on early decisions by courts of civil appeals upholding contracts authorizing suits to be maintained in counties other than those specified in Article 1995. Merchants' Reciprocal Underwriters of Dallas v. First National Bank, 192 S.W. 1098 (Tex.Civ.App., Amarillo 1917, no writ); Texas Moline Plow Co. v. Biggerstaff, 185 S.W. 341 (Tex.Civ.App., Amarillo 1916, no writ); Fort Worth Board of Trade v. Cooke, 6 Tex.Civ.App. 324, 25 S.W. 330 (Fort Worth 1894, no writ).

Defendant contends that any contractual provision attempting to change venue is void as against public policy, and relies on International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630 (1919), in which the Supreme Court held that a provision in an insurance policy requiring any suit on it to be brought in the county where the company had its main office would not be enforced. Decisions following *Branum* include Bayou Properties Co., Inc. v. Gobble, 347 S.W.2d 314 (Tex.Civ.App., Waco 1961, no writ); Smith v. Watson, 44 S.W. 2d 815 (Tex.Civ.App., Eastland 1931, no writ); Smith v. Hartt & Cole, 13 S.W.2d 408 (Tex.Civ.App., Eastland 1929, no writ). Defendant calls our attention to the comment in Bayou Properties Co., Inc. v. Gobble, supra, that the earlier decisions upholding contracts prescribing venue "do

not represent the law" to the extent that they conflict with International Travelers' v. Branum. We agree.

■ The question is whether the principle which was held in *Branum* to forbid contracts restricting statutory venue also forbids a contract attempting to extend venue to an additional county. Our consideration of this question in the light of the *Branum* opinion convinces us that the same rule should apply in both situations. Although extension of venue to an additional county favors the plaintiff by giving him a wider choice of forums, and restriction favors defendant by limiting the counties in which he may be sued, the effect of enforcing any contract concerning venue is to deny one party or the other his statutory right to litigate in the county in which he would otherwise be entitled to litigate. In this respect both parties should be treated alike.

The reasoning in the *Branum* opinion applies to all contractual provisions for venue. The ground of the decision is stated as follows:

"We are convinced that it is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses."

The court here speaks of "depriving courts of jurisdiction" but it is clear that "jurisdiction" is not used in the strict sense, since the context shows that the decision is based on broader grounds. In a broad sense enforcement of any contract to prefer one court to another has the effect of "depriving of jurisdiction" the court which would otherwise be the proper forum. In Ziegelmeyer v. Pelphrey, 133 Tex. 73, 125 S.W. 2d 1038 (1939), the Supreme Court recognized the *Branum* holding to be "that venue is fixed by law and any contract whereby it is agreed to change the law with reference thereto is void."

Although only venue was involved in *Branum*, the authorities quoted in support

of the decision indicate that it rests on the broader principle of public policy that a person ought not to be permitted to contract away procedural rights before any controversy arises. We recognize that this principle is a limitation on freedom of contract, but such limitations are less objectionable in matters of remedies and procedures than in matters of substantive rights.[1] The distinction between substance and procedure may not always be satisfactory, but it has a reasonable basis in this context. When a contract is under negotiation, legal procedures are rarely subjects of free bargaining. Provisions concerning procedures or remedies are more likely to be imposed by employers, creditors and others with superior bargaining power on a take-it-or-leave-it basis. An employee, debtor or other individual is more concerned with the benefits he expects from performance than with technicalities of protecting his rights in case of breach. He is easily induced to give up procedural rights which seem unimportant when the parties are in agreement, but which may become crucial in the event of litigation, and he is not likely to object to a printed form with a "standard" provision concerning such matters. These considerations apply to persons sued on written contracts as well as to persons who sue on such contracts.

 Our conclusion that the principle of *Branum* forbids extension as well as restriction of venue by contract is supported by the policy of our venue statute, which in general favors defendants. A party litigating away from home has the same disadvantage whether he is plaintiff or defendant. When two parties live in different counties, only one can enjoy the home-county privilege. A choice must be made, and the legislature has chosen to give that privilege to defendant as a general rule, subject to enumerated exceptions, and no exception is provided for cases in which the parties have agreed to suit in a particular county. Tex.Rev.Civ.Stat.Ann., Art. 1995 (1964).[2] In order to maintain suit away from defendant's residence, plaintiff has the burden to prove that his case falls within one of the exceptions, and doubts must be resolved in favor of the general rule. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (1951). Moreover, the defendant's privilege of defending in his home county is such a valuable right that it must be protected even at the cost of two trials of the same issue. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, 95 (1935). In *Branum* the public policy against permitting parties to contract away procedural rights was decisive in favor of a plaintiff who was entitled to a venue privilege under one of the exceptions. We hold that the same policy applies even more strongly to a defendant who is entitled to a venue privilege under the general rule. In this case, since we have also the mandatory provisions of Article 4656 requiring an injunction to be returnable to defendant's county, the policy against the contractual provision in question is especially strong.

1. For examples of contracts void as against public policy because of attempts to waive remedial or procedural rights see Simpson v. McDonald, 142 Tex. 444, 179 S.W.2d 239 (1944) (contract agreeing in advance to waive or not plead statute of limitations) ; Sovereign Camp, W. O. W. v. Martinez, 132 Tex. 580, 126 S.W.2d 10 (1939) (contract prescribing rule of evidence on issue of accidental death) ; O'Neal v. Clymer, 21 Tex.Civ.App. 386, 52 S.W. 619 (Dallas 1899, writ ref'd)

(agreement before suit filed to waive service of citation). See also 6A Corbin on Contracts, § 1432 (1962) ; 6 Williston on Contracts, § 1722 (Rev.Ed.1938).

2. As between an individual and a corporation the statute seems to favor the individual. See Art. 1995, subdivisions 23, 25, 27, 28, 28a ; Eaton v. International Travelers' Ass'n, 136 S.W. 817 (Tex.Civ. App., San Antonio 1911, no writ).

This holding is not inconsistent with decisions such as Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123 (Tex.Civ.App., Dallas 1964, no writ), that a defendant may waive his venue privilege after suit is filed. A plaintiff may also waive his venue privilege by suing in defendant's county, although the *Branum* rule prevents him from binding himself in advance to do so. Neither do we now decide whether parties may control by agreement the venue of a suit on a cause of action that has already arisen.

 Plaintiff insists that subdivision 5 of Article 1995 expressly permits venue to be controlled by contract. This power may be exercised only as prescribed in that subdivision, by specifying in writing the place of performance. Pavlidis v. Bishop & Babcock Sales Co., 41 S.W.2d 294 (Tex. Civ.App., Dallas 1931, no writ). The contractual provision now under consideration does not specify the place of performance, but merely provides that in case of breach of the covenant against competition the company shall be entitled to an injunction issued by a district court of Dallas County. Consequently, it does not fall within subdivision 5.

Neither does subdivision 5 indicate legislative support of any general policy to permit venue to be fixed by contract. A provision specifying place of performacnce does not concern venue alone. Place of performance is a substantive right, which in many cases is undoubtedly important enough to be specified regardless of the effect on venue of possible litigation, although in others such a provision may be inserted primarily for venue purposes. Since the purpose of specifying performance in a particular county is immaterial, such a provision cannot be regarded as primarily a contractual attempt to control venue, and the *Branum* principle is not affected.

Affirmed.