**Richard Harvey McGINN, Appellant,**

**v.**

**FIDELITY UNION LIFE INSURANCE COMPANY, Appellee.**

**No. 8052.**

Court of Civil Appeals of Texas, Texarkana.

Oct. 19, 1971.

Rehearing Denied Nov. 9, 1971.

Ben T. Warder, Jr., Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

William Andress, Jr., Andress & Woodgate, Dallas, for appellee.

DAVIS, Justice.

This is an appeal from an order overruling a plea of privilege and granting a temporary injunction. Plaintiff, Fidelity Union Life Insurance Company, sued Defendant, Richard Harvey McGinn, on a contract that was entered into on or about June 23, 1970, whereby Defendant agreed to sell life insurance to seniors or senior graduates at College Station, Bryan, Texas. On January 26, 1970, they entered into a supplemental contract whereby the Defendant agreed that the Plaintiff could secure an injunction against him in Dallas County under the provisions of Art. 4656, (1952), Vernon's Ann.Tex.Civ.St.

The facts in this case are almost identical to the facts in the case of Fidelity Union Life Insurance Company v. Leland Evans, (Tex.Civ.App.1971), 468 S.W.2d 869, (application for writ of error apparently pending).

In that case, the only difference is that the Trial Court sustained the plea of privilege and granted a temporary injunction. We refer to the holding in Fidelity Union Life Insurance Company v. Leland Evans, supra, and hold the provisions of the con-

tract and the supplement thereto both to be invalid. (See the authorities cited in the above case.)

Defendant has perfected his appeal and brings forward eight Points of Error.

 After Defendant had filed his plea of privilege, Plaintiff filed an amended petition in which he alleged that the Defendant was indebted to the Plaintiff in the sum of Nineteen and $^{24}/_{100}$ ($19.24) Dollars. Defendant raises a point of error on this allegation because Plaintiff alleges a justice court case. Defendant relies upon Auto Refinance Corporation, et al. v. Smith, et al., (Tex.Civ.App.1935), 84 S.W. 2d 296, n.w.h. We agree.

■ Defendant also raised the point of error that he was entitled to be sued in Harris County, Texas, under the provisions of Article 1995, V.A.T.C.S., regardless of any of the exceptions granted thereto. They relied upon the supplemental contract that was apparently based upon the provisions of Article 4656, V.A.T.C.S. In Fidelity Union Life Insurance Company v. Leland Evans, supra, the Court of Civil Appeals, Dallas, held that the contractual provisions attempting to change venue is void as against public policy. They cite the case of International Travelers' Ass'n v. Branum, (1919), 109 Tex. 543, 212 S.W. 630. The Dallas Court cited many decisions following the Branum case. With this holding, we agree. The plea of privilege should have been sustained.

■ Defendant also takes the position that the Trial Court abused its discretion in granting the temporary injunction by not complying with Rule 683, Texas Rules of Civil Procedure, because the order of the Trial Court did not state the reason why and where an injury would be suffered by the Plaintiff in the event the interlocutory order was not granted. This the Trial Court did not do. Sigma Systems Corporation, et al. v. Electronic Data System Corporation, (Tex.Civ.App.1971), 467 S. W.2d 675, (application for writ of error

probably pending), and the authorities cited therein.

We reverse the judgment of the Trial Court, sustain the plea of privilege, and order the case transferred to the District Court of Harris County, Texas. We likewise reverse the temporary injunction because the Trial Court abused its discretion in granting the same.

All of Defendant's points of error are sustained.

The judgment of the Trial Court is reversed and the case is remanded with instructions.