**Gustavo GONZALEZ, Plaintiff in Error,**

v.

**Luz Elena GONZALEZ, Defendant in Error.**

**No. 6283.**

Court of Civil Appeals of Texas,
El Paso.

April 18, 1973.

Texas S. Ward, El Paso, for appellant.

George N. Rodriguez, Jr., El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal by writ of error from the El Paso County Court of Domestic Relations from a judgment of that Court granting an annulment of the marriage between Plaintiff in Error and Defendant in Error. We reverse and remand.

Plaintiff in Error contends by one point of error that:

"The Decree of Annulment rendered by the Domestic Relations Court of El Paso County, Texas, dated March 3, 1972, is void because there was no Service of Citation or Waiver of same in conformity with the Rules of Civil Procedure; and, therefore, the Court did not gain jurisdiction in this case and, under the Rules of Civil Procedure and the laws of this State, could not render a judgment."

We accept Plaintiff in Error's statement that the waiver was executed prior to the filing of suit, since Defendant in Error did not file a brief, and the record reveals that both the Original Petition for Annulment and the Waiver of Citation were filed at 9:10 o'clock A.M. on March 3, 1972. Rule 119 of the Texas Rules of Civil Procedure provides in part:

"The defendant may accept service of process, or waive the issuance of service thereof by a written memorandum signed by him, or by his duly authorized agent or attorney, *after suit is brought,* sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause, and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law. . . ." (Emphasis supplied.)

No other document of any type was filed by the Plaintiff in Error, and he did not enter a court appearance. In 46 Tex.Jur. 2d 371, Sec. 47, under the Article entitled, "Process and Notices," is found the following in regard to time of waiver or acceptance:

"The courts have construed this to mean that no acceptance of service, waiver, or issuance, nor service of process made prior to the institution of the suit will support a judgment by default."

See Leddon v. Herman, 402 S.W.2d 512 (Tex.Civ.App.1966, n. w. h.).

Art. 2224, Vernon's Ann.Tex.Civ.St., provides that no acceptance of service and waiver of process shall be authorized by any instrument "executed prior to the institution of such suit, nor shall such acceptance or waiver be made until after suit brought." The waiver must be executed after institution of the action. This requirement is jurisdictional, so that a waiver executed prior to the filing of the action is void. McDonald, Texas Civil Practice, Vol. 2, Sec. 9.02, "Citation," p. 365; Bragdon v. Wright, 142 S.W.2d 703 (Tex.Civ.App. 1940, writ dism'd); O'Neal v. Clymer, 21 Tex.Civ.App. 386, 52 S.W. 619 (1899, writ ref'd); McAnelly v. Ward, 72 Tex. 342, 12 S.W. 206 (1888).

The point of error is granted. The judgment is reversed and remanded.