Donnie Mack TIDWELL, Appellant,

v.

Linda Arlene TIDWELL, Appellee.

No. 8832.

Court of Civil Appeals of Texas, Texarkana.

Aug. 26, 1980.

M. Mark Lesher, Lesher & Doshier, Texarkana, for appellant.

Charles G. Hall, Texarkana, for appellee.

RAY, Justice.

This is a divorce case. Linda Arlene Tidwell, appellee, brought suit against Donnie Mack Tidwell, appellant, seeking a divorce, child custody and child support. The court granted the relief appellee requested following a non–jury trial. Appellant was not served with citation and did not appear at the trial. A waiver of citation was signed by appellant on July 21, 1978, and both the original petition and the waiver of citation were filed on that same date at 1:25 p. m.

Appellant's single point of error contends that the divorce decree is void because the trial court failed to gain jurisdiction of the appellant–husband.

■ The judgment of the trial court will be affirmed. Rule 119, Tex.R.Civ.P., and Article 2224, Tex.Rev.Civ.Stat.Ann., make it absolutely clear that a waiver of service of process must be executed *after* suit is brought. Such requirement is jurisdictional, so that a waiver executed prior to the filing of the action is void. *McAnelly v. Ward*, 72 Tex. 342, 12 S.W. 206 (1888); *Bragdon v. Wright*, 142 S.W.2d 703 (Tex. Civ.App. Texarkana 1940, writ dism'd); *O'Neal v. Clymer*, 21 Tex.Civ.App. 386, 52 S.W. 619 (1899, writ ref'd); 2 McDonald's, Texas Civil Practice § 9.02, p. 365 (1970).

There have been several recent cases dealing with the very matter which has been presented to this Court. In *Faglie v.*

*Williams*, 569 S.W.2d 557 (Tex.Civ.App. Austin 1978, writ ref'd n. r. e.), the court reiterated:

"The Rule makes it clear that the waiver must be executed *after* the suit has been filed and not before. This requirement is made jurisdictional by Article 2224, V.A. C.S., so that a waiver executed prior to filing of an action is void. See 2 McDonald, *Texas Civil Practice*, sec. 9.02. The waiver Williams signed preceded the filing of suit by two days, was void under terms of Article 2224, and cannot support the judgment of divorce since the court did not acquire jurisdiction over the person of Williams. See 1 McDonald, sec. 1.04."

*Faglie*, supra, was a trespass to try title suit in which Mrs. Faglie was trying to recover title to a tract of land. The suit required a finding that the divorce judgment from her former husband, Mike Williams, was void. The Austin Court of Civil Appeals held that even though Mrs. Williams had executed the waiver prior to the filing of suit that such judgment was not subject to collateral attack by her because a judgment regular on its face and rendered by a court of general jurisdiction does not yield to a collateral attack. The court, in effect, held that if the trial court has jurisdiction of the subject matter, but has not acquired jurisdiction over the defendant, it may erroneously proceed to render a judgment. In such an instance, once the voidable judgment has become final, it cannot be attacked *collaterally*.

In a previously decided case, not discussed in *Faglie*, supra, the El Paso Court of Civil Appeals had occasion to review the question of whether a waiver had been timely executed. In *Gonzalez v. Gonzalez*, 494 S.W.2d 655 (Tex.Civ.App. El Paso 1973, no writ), the original petition for annulment and the waiver of citation were filed simultaneously. The appeal was by writ of error from the court of domestic relations which presented a *direct* attack upon the trial court's judgment. The court of civil appeals accepted the appellant's statement that the waiver was executed prior to the

filing of suit since appellee failed to file a brief and thus reversed the trial court's judgment because the trial court never obtained personal jurisdiction over the appellant. The instant case is similar to *Gonzalez*, supra, but differs in that it is an *appeal* timely filed in which the appellant has not brought forward a statement of facts. In this case, the appellee has filed a brief such that the question of when the waiver was executed is squarely before us.

The courts of this State have used the words void and voidable rather loosely on occasions. A judgment is *void* if the court rendering the judgment did not have jurisdiction over the subject matter, that is, the court did not have the power to hear and determine cases of the general class to which the particular one belongs. For example, a county court cannot grant a divorce and such judgment would therefore be void as distinguished from voidable because the court would be utterly without power to render an effective judgment on the merits of the controversy. Such a judgment may generally be directly attacked through appeal or writ of error. Such void judgment may also be attacked collaterally by a suit to set aside the judgment after it has become final or in a separate proceeding such as a trespass to try title lawsuit if such void judgment becomes material.

A voidable judgment is one in which the trial court has jurisdiction of the subject matter, but fails to gain effective jurisdiction over the defendant. Into this category will fall those cases in which a default judgment has been asserted to be void for want of service, or of valid service, of process. In those cases, when the judgment has become final and the time has elapsed for the filing of an appeal or an appeal by writ of error, the judgment can only be set aside by bill of review timely filed. Rule 329b, Tex.R.Civ.P.; *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961); *Deen v. Kirk*, 508 S.W.2d 70 (Tex. 1974).

In the instant case, the district court had jurisdictional power to grant the divorce because such power is authorized by the Texas Family Code. Further, the court had jurisdictional power to determine the validity and effectiveness of the waiver of service of process, and indeed, it was its duty to do so, and to render a judgment for divorce. The trial court's judgment was not void, but only voidable. The question of when the waiver was executed was one of fact to be determined by the trier of fact, in this case the trial court since a jury had been waived. In the absence of a statement of facts or any findings of fact, it must be presumed that the trial court determined all issues of fact in support of the judgment. We must further presume that the evidence was sufficient, and that every fact necessary to support the trial court's judgment was proved at the hearing. 4 Tex.Jur.2d *Appeal & Error–Civil Cases* § 388, pp. 226–228 (1974). It must therefore be presumed that the trial court found that the waiver of service of process was *signed* after suit was brought though the record shows that the petition and the waiver were *filed* simultaneously. Since the stamp on the documents does not indicate that the timing device showed seconds as a part of the file mark, there could have been 59 seconds between the filing of the petition and the filing of the waiver, a period of time sufficient for the appellee to have executed the waiver before the clerk's filing–stamp machine would have recorded the new minute on any further documents that were stamped. Since it was not impossible for appellee to have executed the waiver after suit was brought, we must indulge the presumption that the trial court found as a fact that the waiver was executed after suit was filed.

The judgment of the trial court is affirmed.