

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00027-CV

**IN THE INTEREST OF J.G.H.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-15767
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 14, 2014

REVERSED AND REMANDED

Joseph Guerra filed a petition for bill of review seeking to set aside and vacate a decree in a suit affecting the parent-child relationship ("SAPCR") that he alleged was entered in violation of his due process rights.  After a hearing, the trial court denied relief.  Because we agree that the trial court was without jurisdiction to render the SAPCR decree absent proof of service to Guerra or proper waiver of service, we reverse the trial court's order denying the petition for bill of review and vacate the SAPCR decree.

### BACKGROUND

Guerra and Priscilla Rodriguez are the biological parents of J.G.H., who was born on April 14, 2011.  It is undisputed that J.G.H. left the hospital after her birth in the care of Rodriguez's aunt, Ydette Holguin.  What is disputed are the terms under which J.G.H. was placed in Holguin's

care. According to Guerra and Rodriguez, Holguin agreed to take care of J.G.H. until they were able to financially provide for her. According to Holguin, Guerra and Rodriguez wanted to relinquish their rights to J.G.H. and allow Holguin to adopt her. A few weeks after J.G.H.'s birth, on May 3, 2011, both Rodriguez and Guerra signed a document titled "Waiver of Citation and Consent to Appointment of Sole Managing Conservators" in which they consented to appoint Holguin as sole managing conservator of J.G.H. The document further provided: "I have been given a copy of the Original Petition in Suit Affecting the Parent-Child Relationship filed in this cause. . . . I hereby enter my appearance in this cause for all purposes and waive the issuance, service, and return of citation on me. I agree that the petition may be amended and that the cause may be taken up and considered by the Court without further notice to me."

Although the waiver stated that Guerra and Rodriguez were given a copy of the filed petition, the petition was not actually filed until November 15, 2011, six months after the waiver was signed. A "Decree in Suit Affecting the Parent-Child Relationship" was rendered by the trial court the same day. The decree recites that Rodriguez and Guerra waived issuance of citation by waiver duly filed and did not otherwise appear and agreed to the entry of the decree by their signature. The decree appoints Holguin as the sole managing conservator of J.G.H. and appoints Rodriguez and Guerra joint possessory conservators, with visitation to be scheduled as agreed upon by the parties and supervised by Holguin. The waivers previously signed by Guerra and Rodriguez were also filed on November 15, 2011.

According to the attorney who prepared the above documents, Holguin contacted him about adopting J.G.H. Because Holguin could not afford the cost associated with an adoption, however, the attorney suggested the parties pursue a conservatorship. The attorney met with Holguin, Rodriguez, and Guerra in his office and had Rodriguez and Guerra sign waivers. He told them that once J.G.H. had resided with Holguin for six months, he would file the SAPCR petition;

all parties also signed the SAPCR decree in his office. The attorney testified that he did not file the documents until November 15, 2011. He admitted that the waivers and the decree were signed before the SAPCR petition was filed.

Ten months after the SAPCR decree appointing Holguin sole managing conservator was entered, Guerra filed a petition for bill of review alleging that he was never served with a **filed** copy of Holguin's original SAPCR petition and that his signature on the SAPCR decree was forged. After an evidentiary hearing, the trial court denied Guerra's bill of review. Guerra filed a motion for new trial, which was also denied by the trial court. Guerra timely appealed.

### APPLICABLE LAW AND STANDARD OF REVIEW

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Caldwell v. Barnes (II)*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *see also* TEX. R. CIV. P. 329b(f) (on expiration of time within which trial court has plenary power, "a judgment cannot be set aside by the trial court except by bill of review for sufficient cause"). A bill-of-review plaintiff must ordinarily plead and prove "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Caldwell (II)*, 154 S.W.3d at 96. When, as here, "a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above." *Mabon Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). The third element, lack of negligence, is conclusively established if the bill-of-review plaintiff can prove he was never served with process. *Id.* A bill of review plaintiff need not satisfy the formal requirements for a bill of review, however, when the record reveals that the trial court lacked jurisdiction to render the judgment at issue. *See Joyner v. Joyner*, 352 S.W.3d 746, 748 (Tex. App.—San Antonio 2011, no pet.) ("If a direct attack seeks to

set aside a judgment because the trial court lacked subject matter jurisdiction, the petitioner need not satisfy the formal bill of review requirements for the court to consider the jurisdictional challenge."). Whether a trial court has personal jurisdiction over a defendant is a question of law that we review de novo. *Id.* at 749; *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805-06 (Tex. 2002).

## DISCUSSION

Guerra contends that the trial court erred in denying the bill of review because: (1) the waiver of citation was obtained prior to the filing of the SAPCR petition in contravention of Rule 119, and therefore the trial court lacked jurisdiction over him, and (2) his signature on the SAPCR decree was forged.[1]

Rule 119 of Texas Rules of Civil Procedure provides, in relevant part, that:

> The defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause, and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law.

TEX. R. CIV. P. 119. Therefore, the Rule contemplates that waiver may not be effected until after suit has been filed. A waiver of issuance and service of citation executed prior to the filing of an action is void. *Deen v. Kirk*, 508 S.W.2d 70, 71 (Tex. 1974) (orig. proceeding); *Faglie v. Williams*, 569 S.W.2d 557, 563 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.) (holding waiver signed two days before filing of suit was void); *Gonzalez v. Gonzalez*, 494 S.W.2d 655, 656 (Tex. Civ. App.— El Paso 1973, no writ) (noting that "the waiver must be executed after institution of the action" and holding that waiver of citation was void where original petition and waiver were filed at same time); *but see Tidwell v. Tidwell*, 604 S.W.2d 540, 542 (Tex. Civ. App.—Texarkana 1980, no writ)

---

[1] Holguin did not file an appellee's brief.

(holding that where waiver and petition were signed on same day and simultaneously filed, presumption must be indulged that trial court found that waiver was executed after suit was filed because it was possible that waiver was filed 59 seconds after petition).

Here, the record reflects that the waiver of citation was signed by Guerra on May 3, 2011. At that time, the suit for conservatorship had not been filed by Holguin. The attorney testified that he did not file the SAPCR petition on Holguin's behalf until November 15, 2011, and at that time he also filed Guerra's waiver of citation and presented the SAPCR decree to the trial court for signing. Accordingly, because the petition was filed after Guerra executed the waiver, the wavier was void, and the SAPCR decree was rendered in violation of Rule 119. Similarly, Guerra's signature on the decree did not constitute an appearance such that service was not required because the petition was not on file prior to the signing of the decree. *See Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam) ("a party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court"). Because there was no action pending at the time the agreed decree was signed, it cannot constitute a general appearance. *See id*. Under these circumstances, the trial court lacked jurisdiction to render the SAPCR decree. *See* TEX. R. CIV. P. 124; *Strawder v. Thomas*, 846 S.W.2d 51, 62 (Tex. App.—Corpus Christi 1992, no writ) ("Rules relating to service of process are mandatory, and a failure to comply therewith, if a judgment be rendered against a party who was not served in accordance with those rules (and who did not waive service of citation or appear voluntarily) renders the judgment void."). We sustain Guerra's first issue. Because our resolution of this issue is dispositive, we need not address Guerra's forgery claim. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We hold that the trial court erred in denying the bill of review. We therefore reverse the trial court's order denying the bill of review and vacate the SAPCR decree signed on November 15, 2011 in cause number 2011-CI-18261. We additionally remand the case to the trial court for further proceedings.

Rebeca C. Martinez, Justice