Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## OPINION

No. 04-10-00563-CV

Douglas Wayne **JOYNER**,
Appellant

v.

Janelle Marie **JOYNER**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-21331
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  August 24, 2011

REVERSED & RENDERED

Appellant Douglas (Doug) Wayne Joyner's motion for rehearing is granted. We

withdraw our opinion and judgment of April 6, 2011, and substitute this opinion and judgment.

Doug appeals the trial court's order denying his petition for bill of review to set aside an

agreed amended domestic relations order in a suit to clarify his and Appellee Janelle Marie

Joyner's divorce decree and attendant domestic relations order.[1]  In his petition, Doug asserted that the trial court lacked jurisdiction to enter the order because it impermissibly modified the substantive division of his military retirement benefits.  The trial court denied Doug's petition for bill of review.  We reverse the trial court's order denying the bill of review and vacate the Amended Domestic Relations Order.

## BACKGROUND

Doug and Janelle were divorced in October 2001.  The divorce decree awarded Janelle a portion of Doug's military retirement benefits and stated that her portion would be "more particularly defined in a Domestic Relations Order."  The court subsequently entered a Domestic Relations Order (the DRO) awarding Janelle 50% of the community share of Doug's hypothetical retired pay, adjusted for cost of living adjustments.[2]  After Doug retired from active service in December 2005, the Department of Finance and Accounting Services (DFAS) mistakenly began paying Janelle 50% of Doug's actual disposable retired pay, an amount that was much higher than what she was awarded in the divorce.

Doug, who was living in Arizona at that time, retained local counsel to correct the mistake.  Doug's attorney filed a motion to clarify the DRO.  In July 2006, DFAS sent a letter to Doug and Janelle acknowledging that it had overpaid Janelle for six months.  DFAS also stated that it had established a debt against Janelle's future payments and credited the amount of her debt to Doug.  In August 2006, the parties entered into a Rule 11 agreement (the Agreement)[3] in which the parties agreed to the entry of an amended domestic relations order that was similar to

---

[1] Doug died prior to this appeal.  The Notice of Appeal in this case was filed in Doug's name by Stephanie Joyner, Doug's surviving spouse.  Janelle argues that there is no showing that Stephanie has authority to prosecute this appeal.  "If a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and [we] will proceed to adjudicate the appeal as if all parties were alive."  TEX. R. APP. P. 7.1(a)(1).

[2] The divorce decree described Doug's hypothetical retired pay as "[t]he disposable monthly retired pay of an E-7 with 16 years, 3 months of accrued creditable military service at date of divorce."

[3] The Agreement was signed by the judge, Janelle, Janelle's attorney, and Doug's attorney, but not Doug.

the original DRO but provided that Janelle's interest was 37% of Doug's disposable retired pay. In February 2007, the court signed an Amended Domestic Relations Order (the Amended DRO) incorporating the terms of the Agreement.

In March 2007, Doug's attorney moved for a new trial because the Amended DRO did not address Doug's DFAS credit and impermissibly changed the terms of the divorce decree. The trial court granted the motion on the condition that Doug pay $1,200 for Janelle's attorney's fees by June 7, 2007. The order stated that "if the attorney's fee payment condition herein is not timely met, the Motion for New Trial is denied." Doug's counsel thereafter withdrew, and Doug alleged that he was never aware of the conditional motion for new trial. When Janelle's attorney's fees were not timely paid, the trial court signed an order on June 22, 2007, denying the motion for new trial.

Doug retained new counsel and filed a petition for bill of review in December 2008 attacking the jurisdiction of the trial court to modify the property division in the DRO and divorce decree. After a preliminary hearing, the trial court denied Doug's petition because Doug did not establish the elements of a bill of review: that another party, through fraud or accident, prevented him from asserting a meritorious defense. *See Eastin v. Dial*, 288 S.W.3d 491, 497 (Tex. App.—San Antonio 2009, pet. denied). The trial court also found that Doug was at fault or negligent by failing to pursue other legal remedies. Doug's appeal followed.

## BILL OF REVIEW

The trial court denied Doug's petition for bill of review because he failed to satisfy the formal requirements for a bill of review. Doug argues that if the record reveals that the trial court lacked jurisdiction to enter the Amended DRO, he need not meet the formal requirements for a bill of review. We agree. If a direct attack seeks to set aside a judgment because the trial

court lacked subject matter jurisdiction, the petitioner need not satisfy the formal bill of review requirements for the court to consider the jurisdictional challenge. *Sweetwater Austin Props. L.L.C. v. SOS Alliance, Inc.*, 299 S.W.3d 879, 889 (Tex. App.—Austin 2009, pet. denied); *see also Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (per curiam) (op. on motion for reh'g). We, therefore, turn to the question of whether the court lacked jurisdiction to enter the Amended DRO.

### JURISDICTION

Doug argues that the Amended DRO is void because it modifies the substantive division of property from the divorce decree and DRO, which provided an unambiguous award to Janelle of Doug's military retirement benefits.

### A. Standard of Review & Applicable Law

Whether a trial court has jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 551 (Tex. App.—San Antonio 2002, pet. denied). The issue of jurisdiction in this case turns on whether the trial court modified or clarified the DRO when it entered the Amended DRO.

Any party affected by a divorce decree may seek to enforce the decree by filing an enforcement action. TEX. FAM. CODE ANN. § 9.001(a) (West 2006). The trial court that rendered the divorce decree generally retains the power to enforce or clarify the property division approved of or contained in the decree. *Id.* §§ 9.002, 9.006(a), 9.008. If a court finds that the original form of the division of property is ambiguous or not specific enough to be enforceable by contempt, the court may enter a clarifying order to enforce compliance with the original division of the property. *Id.* § 9.008(b). However, "[a]n order . . . that amends, modifies, alters,

or changes the actual, substantive division of property made or approved in a final decree of divorce . . . is beyond the power of the divorce court and is unenforceable." *Id.* § 9.007(b); *see also Pearcy v. Pearcy*, 884 S.W.2d 512, 514 (Tex. App.—San Antonio 1994, no writ).

When interpreting a divorce decree, courts should construe the decree "as a whole to harmonize and give effect to the entire decree." *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). "'[I]f the decree, when read as a whole, is unambiguous as to the property's disposition, the court must effectuate the order in light of the literal language used.'" *Id*. (quoting *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997) (per curiam)). However, if the decree is subject to more than one reasonable interpretation and is therefore ambiguous, courts should apply the construction that correctly applies the law. *Id.* "[W]hether a divorce decree is ambiguous is a question of law." *Id*.

## B. Discussion

Doug and Janelle's divorce decree provides that Janelle is entitled to "[a] portion of [Doug]'s benefits in the military pension plan arising out of [Doug's] employment with the military, that portion being 50% of the community interest and more particularly defined in a Domestic Relations Order." The DRO formulated Janelle's entitlement as follows[4]:

$$\frac{1}{2} \quad \times \quad \frac{195 \text{ months}}{\text{Total Creditable Months of Military Service For/Toward Retirement, at Time of Retirement}} \quad \times \quad \begin{array}{c} \text{The disposable monthly} \\ \text{retired pay of an E-7 with} \\ \text{16 years, 3 months of} \\ \text{accrued creditable} \\ \text{military service at date of} \\ \text{divorce.} \end{array}$$

It also provided that she was entitled to a share, attributable to the community interest, of any

---

[4] From left to right, the first operand represents Janelle's half interest in the community property; the second represents the community share of Doug's retirement benefits; and the third represents Doug's hypothetical retired pay.

cost of living adjustments. The parties do not dispute that Doug retired from active military service in December 2005, after 275 creditable months of military service, and started receiving retirement pay the following month. Under the DRO, Janelle therefore was entitled to 35.4545% of $1,215, Doug's adjusted hypothetical retired pay. The Amended DRO, however, entitles Janelle to 37% of the $2,206 in disposable retired pay that Doug was entitled to as of the date of his retirement.[5] Janelle's award of Doug's military retirement benefits under the DRO is not ambiguous because it is expressed with mathematical certainty. *See Caracciolo v. Caracciolo*, 251 S.W.3d 568, 572–73 (Tex. App.—San Antonio 2007, no pet.) (upholding substantially similar language describing a legally correct formula); *see also Berry v. Berry*, 647 S.W.2d 945, 947 (Tex. 1983) (approving an almost-identical formula for determining the non-employee spouse's community-property award). Therefore, the trial court was without jurisdiction to modify the formula. *See* TEX. FAM. CODE ANN. § 9.007(b); *Pearcy*, 884 S.W.2d at 514.

Janelle argues that this case is distinguishable from the authority Doug relies upon because Doug entered into an enforceable Rule 11 agreement to increase Janelle's award in exchange for other consideration. Moreover, it is undisputed that it was Doug, not Janelle, who sought clarification of the DRO. In effect, Doug is now appealing the modification that he initially sought and then agreed to nearly four years ago. Although we acknowledge that these facts appear unfair and create a waste of judicial resources, the legislature has determined that the trial court is without power to modify an unambiguous property division contained in a divorce decree.[6] *See* TEX. FAM. CODE ANN. § 9.007(b) (providing that modification of property division in divorce decree is outside the power of the divorce court); *Tex. Ass'n of Bus. v. Tex.*

---

[5] It is undisputed that Doug's disposable retired pay in 2006 was $2,206. According to the formula in the original DRO, Janelle was entitled to only 19.5272% of the disposable retired pay that Doug was entitled to as of the date of his retirement.

[6] Our opinion should not be construed as affecting any contractual rights that either Janelle or Doug might have under the Rule 11 agreement. *See Metzger*, 2007 WL 163345, at *7.

*Air Control Bd*., 852 S.W.2d 440, 444–45 (Tex. 1993) (holding that subject matter jurisdiction cannot be waived); *In re A.D.D.*, 974 S.W.2d 299, 303 (Tex. App.—San Antonio 1998, no pet.) (explaining that subject matter jurisdiction cannot be conferred by consent or waiver); *see also Metzger v. Metzger*, No. 01-04-00893-CV, 2007 WL 1633445, at \*6–7 (Tex. App.—Houston [1st Dist.] June 7, 2007, pet. denied) (mem. op.) (holding that the parties' agreement did not give the court jurisdiction in a clarification suit to modify an unambiguous divorce decree to reflect the parties' agreement).

## CONCLUSION

The trial court lacked jurisdiction to modify the DRO and enter the Amended DRO. Therefore, Doug did not need to comply with the bill of review requirements to challenge subject matter jurisdiction, and the trial court erred in denying the bill of review. More importantly, we grant the relief the trial court should have granted and vacate the Amended DRO.

Rebecca Simmons, Justice