

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00138-CV

Joe C. **MEDELLIN**, Jr.,
Appellant

v.

Rebecca **MEDELLIN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-07696
Honorable Victor H. Negrón, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

REVERSED AND REMANDED

Joe C. Medellin, Jr. appeals the trial court's order dismissing his petition in the underlying cause for lack of jurisdiction.  Because we hold the trial court had jurisdiction to consider the petition, we reverse the trial court's order and remand the cause for further proceedings.

### BACKGROUND

A final divorce decree was signed on April 18, 2006, granting Joe and Rebecca Medellin a divorce.  In the divorce decree, Joe was awarded a portion of his retirement benefits in his civil service retirement "arising out of [his] employment with Tinker Air Force Base as of date of

valuation of DBP, that portion being seventy percent (70%)," which was to be more particularly defined in a Qualified Domestic Relations Order (QDRO). Similarly, Rebecca was awarded a portion of Joe's retirement benefits in his civil service retirement "arising out of [Joe's] employment with Tinker Air Force Base as of date of valuation of DBP, that portion being thirty percent (30%) as of September 29, 2005," which also was to be more particularly defined in a QDRO.

The QDRO stated that the marriage in question "began on May 26, 1977 and ended by divorce on September 29, 2005" and that Joe would be eligible for retirement benefits under the Civil Service Retirement System (CSRS) based on his employment with the United States Government. The QDRO awarded Rebecca "[t]hirty (30%) percent of [Joe's] gross monthly annuity under the CSRS." On May 22, 2006, the trial court signed a nunc pro tunc decree which did not alter the quoted provisions of the decree.

Rebecca subsequently filed a motion to clarify the division of the civil service retirement benefits. The motion stated that Joe represented to Rebecca that all of his retirement benefits had been consolidated into the Tinker retirement at the time of the divorce. The record reveals that Joe was employed by Kelly Air Force Base from the date of the parties' marriage on May 26, 1977, until March 25, 2000, when his employment was transferred to Tinker Air Force Base. At the time Rebecca filed her motion to clarify, Rebecca alleged that Joe was claiming that only the retirement attributable to his employment by Tinker Air Force Base had been divided in the decree. On June 8, 2012, the trial court signed a nunc pro tunc order reflecting that Rebecca's thirty percent was based on the benefits that accrued between May 26, 1977, and September 29, 2005, the date of the divorce. The trial court subsequently denied Joe's motion for new trial, and Joe's appeal of the trial court's order was dismissed for lack of jurisdiction because his notice of appeal was untimely

filed. *Medellin v. Medellin*, No. 04-12-00648-CV, 2012 WL 5416619 (Tex. App.—San Antonio Nov. 7, 2012, no pet.).

On November 20, 2012, Joe filed a petition in which he asserted the trial court lacked jurisdiction to sign the June 8, 2012 order because the order modified, altered, or changed the actual, substantive division of property made or approved in the final decree of divorce. Joe's petition requested that the June 8, 2012 order be set aside as a void order. Rebecca filed a motion to dismiss the petition because the trial court's plenary power had expired. On December 20, 2012, the trial court signed an order dismissing the petition for lack of jurisdiction.

## DISCUSSION

The Texas Supreme Court recently clarified the important distinctions that exist between void and voidable judgments and direct and collateral attacks. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). "It is well settled that a litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly." *Id*. "A direct attack — such as an appeal, a motion for new trial, or a bill of review — attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition." *Id*. at 271-72. "A void judgment, on the other hand, can be collaterally attacked at any time." *Id*. at 272.

"Whether a trial court has jurisdiction is a question of law that we review de novo." *Joyner v. Joyner*, 352 S.W.3d 746, 749 (Tex. App.—San Antonio 2011, no pet.). Section 9.007(b) of the Texas Family Code provides that an order amending, modifying, altering, or changing "the actual, substantive division of property made or approved" in a divorce decree is "beyond the power of the divorce court and is unenforceable." TEX. FAM. CODE ANN. § 9.007(b) (West 2006). Orders that modify or change a divorce decree in violation of section 9.007(b) are void. *See Joyner*, 352 S.W.3d at 749 (noting issue of jurisdiction turned on whether order modified or clarified the

domestic relations order); *DeGroot v. DeGroot*, 260 S.W.3d 658, 663 (Tex. App.—Dallas 2008, no pet.) (holding that orders violating the restrictions contained in section 9.007 are void); *Gainous v. Gainous*, 219 S.W.3d 97, 107-08 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (same).

In the instant case, Joe's petition cited section 9.007(b) and alleged that the June 8, 2012 order modified, altered or changed the actual, substantive division of property made in the divorce decree. Moreover, Joe's petition alleged that the June 8, 2012 order was void. Accordingly, the trial court had jurisdiction to consider Joe's petition, and the trial court erred in dismissing the petition for lack of jurisdiction.

## CONCLUSION

The trial court's order dismissing the petition in the underlying cause is reversed, and the cause is remanded for further proceedings.

Catherine Stone, Chief Justice