

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00539-CV

Randall Carlton **ORNDOFF**,
Appellant

v.

Terri Lee **ITALIAN**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 04-1876-CV
Honorable W.C. Kirkendall, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed: July 15, 2015

AFFIRMED

Robert Carlton Orndoff appeals the trial court's order clarifying the divorce decree from his and Terri Italian's second marriage. Orndoff argues (1) the trial court erred in finding the December 2005 order was a nullity; (2) the trial court erred by granting a "clarification" of a prior unambiguous order; (3) the trial court erred in ordering arrearages because Italian is estopped from obtaining an arrearage judgment; (4) the trial court's clarification order is impermissibly retroactive; and (5) Italian's attorney's fees award was not supported by sufficient evidence. We affirm.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Orndoff and Italian were first divorced on August 4, 1988. The 1988 divorce decree awarded Italian 22.5% of Orndoff's military retirement pay and 22.5% of all cost of living adjustments to which Orndoff became entitled. The divorce decree provided that Italian's portion was to be calculated as if Orndoff retired in 1996 as an E-7 with twenty years of service. Orndoff and Italian remarried but divorced again in March 2005 and a new divorce decree was entered. At that time, the trial court "confirmed" Italian's entitlement to 22.5% of Orndoff's military retirement benefits as set forth on page 11 of the 1988 divorce decree and ordered Orndoff to "resume payments starting March 2005."

In December 2005, a hearing took place on Italian's motion to enforce payment of her share of Orndoff's military retirement benefits. The trial court ordered Orndoff to pay Italian the monthly amount of $111.71 in addition to $100 until the arrearage of $1,117.10 was paid in full.

In July 2012, Italian filed a petition to enforce the 2005 divorce decree, alleging Orndoff actually owed her a larger amount per month. Orndoff and Italian signed a "Stipulation by the Parties," which the trial court approved in January 2014. The stipulation provided, "The parties stipulate as evidenced by their signatures below that 22.5% of the retired pay of an E7 with 20 years of service is $254.40. (not including COLAs)." The trial court issued a letter ruling dated February 18, 2014, stating "the appropriate amount of the retired pay is $254.40," and awarding Italian attorney's fees and court costs. The trial court did not order Orndoff to pay arrearages. The letter stated the December 2005 order was unenforceable. In response, Orndoff filed a "Clarification of Stipulation" asserting the $254.40 figure was the correct amount only "as of January 3, 2014." Italian did not sign the Clarification of Stipulation.

On April 22, 2014, the trial court signed a final clarification order and ruled that the correct monthly amount Orndoff was to pay was $254.40, plus cost of living adjustments. It is this order from which Orndoff appeals.

In this court, Orndoff filed a motion to abate, which we granted to allow the trial court to enter findings of fact and conclusions of law. The trial court did so and found the December 2005 order was unenforceable and a nullity. It also imposed a constructive trust on past arrearages.

### ISSUES BASED ON THE DECEMBER 2005 ORDER

In Orndoff's first three issues, he argues the trial court erred by (1) finding the December 2005 order was a nullity; (2) granting a "clarification" of a prior unambiguous order; and (3) ordering arrearages because Italian is estopped from challenging the December 2005 order.

A trial court lacks jurisdiction to modify a division of property in a divorce decree. *See* TEX. FAM. CODE ANN. § 9.007(b) (West 2006); *Joyner v. Joyner*, 352 S.W.3d 746, 749 (Tex. App.—San Antonio 2011, no pet.). An order that modifies a division of property in a divorce decree is void and unenforceable. *See Joyner*, 352 S.W.3d at 749. In its findings of fact and conclusions of law, the trial court found the March 2005 divorce decree awarded Italian a monthly payment of $254.40, plus cost of living adjustments, as per the parties' stipulation. It also found the December 2005 order required Orndoff to pay only $111.71 on a monthly basis, plus cost of living adjustments. The trial court concluded the December 2005 order was "unenforceable and a nullity" because it altered or changed the divorce decree's division of property as to the amount of Italian's monthly share of Orndoff's military retirement. In other words, the December 2005 order changed Italian's monthly award from $254.40 to $111.71.

Orndoff asserts he stipulated the monthly payment of $254.40 was the correct amount, but only "as of January 3, 2014." However, the parties' stipulation was not so limited, and the trial court did not take any action on Orndoff's Clarification of Stipulation or hear any evidence on the

matter. Because the December 2005 order changed Italian's monthly award from $254.40 to $111.71, the December 2005 order is a modification and not a clarification. As a modification of the division of property in Orndoff and Italian's divorce decree, the December 2005 order is void and unenforceable and the trial court lacked jurisdiction to enter that order. *See id.* at 749.

Orndoff argues the trial court erred by clarifying the December 2005 order, a prior unambiguous order, because Italian did not appeal that order. However, a trial court's lack of subject matter jurisdiction may be raised at any time. *Uvalde County Hosp. Auth. v. Garcia*, 452 S.W.3d 1, 7 (Tex. App.—San Antonio 2014, no pet.). Because Italian challenged the trial court's subject matter jurisdiction to enter the December 2005 order, Italian properly raised that challenge to the December 2005 order in the trial court. *See id.* We overrule Italian's second issue.

Orndoff also argues the trial court erred by ordering arrearages because Italian is estopped from challenging the December 2005 order. However, subject matter jurisdiction cannot be conferred by estoppel. *Castle & Cooke Mortg., LLC v. Diamond T Ranch Dev., Inc.*, 330 S.W.3d 684, 687 (Tex. App.—San Antonio 2010, no pet.). Because the trial court lacked subject matter jurisdiction to enter the December 2005 order, Italian may not be estopped from challenging it. *See id.* We overrule Orndoff's third issue and now turn to Orndoff's fourth issue.

### RETROACTIVITY

Orndoff contends the trial court erred by giving the April 22, 2014 clarification order retroactive effect. The trial court's clarification order did not award Italian any arrearages or hold Orndoff in contempt. Instead, the trial court ordered Orndoff to start paying Italian what he owed her under the 2005 divorce decree beginning from that date moving forward.

We abated the appeal for the trial court to enter findings of fact and conclusions of law, which were filed after the trial court's plenary power expired. In its findings of fact and conclusions of law, the trial court purported to impose a constructive trust on arrearages owed by Orndoff. We

note the trial court lacked jurisdiction to impose the constructive trust on arrearages after its plenary power expired. *See Lane Bank Equip. Co. v. Smith S. Equip. Co.*, 10 S.W.3d 308, 310 (Tex. 2000); *see also Permian Oil Co. v. Smith*, 129 Tex. 413, 434, 73 S.W.2d 490, 499 (1934) ("Findings of fact are no part of a court's judgment. They are required to be made for the purpose of an appeal."). However, the Family Code's prohibition against giving a clarification order retroactive effect is limited to preventing a trial court from enforcing the clarification order "in such a way as to subject a party immediately to contempt." *Zeolla v. Zeolla*, 15 S.W.3d 239, 242 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). When the trial court ordered Orndoff to start making monthly payments of $254.40, plus cost of living adjustments, the trial court did not subject Orndoff immediately to contempt. Therefore, the trial court did not give its clarification order any impermissible retroactive effect. *See id.* We overrule Orndoff's fourth issue.

## ATTORNEY'S FEES

Orndoff argues Italian's attorney's fees award of $2,651.90 is not supported by the evidence. He contends her request for a qualified domestic relations order was frivolous, as was the discovery pertaining to that request. Furthermore, Orndoff argues he agreed his monthly obligation under the divorce decree was $254.40 a month and he attempted to settle the matter.

An award of attorney's fees must be supported by legally and factually sufficient evidence. *See City of Laredo v. Montano*, 415 S.W.3d 1, 3 (Tex. App.—San Antonio 2012, no pet.). When reviewing a legal sufficiency challenge, we review the evidence in the light most favorable to the finding and determine whether the finding is supported by more than a mere scintilla of evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 813, 822 (Tex. 2005). When reviewing a factual sufficiency challenge, we consider and weigh all the evidence, and set aside the award only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Jonathan D. Fischer, counsel for Italian, testified Italian's attorney's fees totaled $2,651.90. He testified about his experience, hourly rate, and about his work on the case, which included covering hearings on Italian's motion to compel and special exceptions. On cross-examination, Fischer testified Orndoff came to his office and tried to settle the matter, but explained Orndoff told him that "$111.71 was all he was required to pay and all he was willing to pay." Justine Daly, counsel for Orndoff, testified Fischer made numerous legal mistakes, and drove up costs by seeking a qualified domestic relations order. Daly attempted to ask about the necessity of Italian's discovery requests, but the trial court did not permit the question, ruling it was argumentative.

Fischer's testimony supports the trial court's award of $2,651.90. *See City of Keller*, 168 S.W.3d at 813, 822. Furthermore, even considering Daly's testimony, we cannot say the trial court's attorney's fees award is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176. Because the trial court's award of attorney's fees is supported by sufficient evidence, we overrule Orndoff's fifth and final issue. *See Montano*, 415 S.W.3d at 3.

**CONCLUSION**

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice
