

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00029-CV

Linda Salas **POLLOK**,
Appellant

v.

Marcel Andrew **POLLOK**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 92-11-31, 307-CV
Honorable Michael Ventura Garcia, Judge Presiding

Opinion by:　Marialyn Barnard, Justice

Sitting:　　Karen Angelini, Justice
　　　　　Marialyn Barnard, Justice
　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　September 28, 2016

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

Appellant Linda Salas Pollok appeals the trial court's post-divorce enforcement and clarification order, challenging the trial court's division of appellee Marcel Andrew Pollok's retirement benefits. On appeal, Linda argues the trial court erred in finding the divorce decree ambiguous and interpreting it to award her one-half of Marcel's retirement benefits that accrued during the marriage instead of one-half of all of Marcel's retirement benefits. Linda also challenges the trial court's award of attorney's fees in favor of Marcel. We affirm the trial court's order as it relates to the award of attorney's fees, but reverse the order as it relates to the division

of retirement benefits and render judgment to award Linda one-half of Marcel's total retirement benefits.

## BACKGROUND

Linda and Marcel were married on or about June 8, 1988 and divorced on March 10, 1993. At the time of the divorce, Marcel was working at Dixie Iron Works and participating in a profit-sharing retirement plan. With regard to Marcel's retirement benefits, the divorce decree awarded Linda "[o]ne-half of Respondent's [Marcel's] Profit Sharing Plan at the time of retirement or after having left the employment of Dixie Iron Works." Although the parties dispute whether Marcel approved and consented to the decree, neither party appealed the decree.

On October 19, 2012, Linda filed a Petition for Enforcement of Property Division and Request for Production, claiming Marcel failed to comply with the 1993 divorce decree. According to Linda, Marcel failed to provide her with information regarding his profit-sharing plan. In her petition, Linda asked: (1) that Marcel be ordered to produce any and all information regarding his profit-sharing plan; (2) for a clarification order in the event the court found the 1993 divorce decree lacked sufficient specificity for enforcement; and (3) for attorney's fees and costs. In response, Marcel filed a general denial and asserted the defense of limitations.

Thereafter, the trial court rendered a default judgment in favor of Marcel after Linda failed to appear for trial. However, the trial court later set aside the default judgment on the basis that Linda did not receive notice of the trial setting. Linda then filed an Amended Petition for Enforcement of Property Division and Request for Production, seeking to enforce the terms of the decree and ordering Marcel to produce information concerning his profit-sharing plan from 1989 through the present. Linda also sought attorney's fees. Following a pretrial conference, the trial court rendered an enforcement and clarification order, providing that the parties agreed to forgo an evidentiary hearing and stipulated that "whichever order was signed by the trial court, would

for appellate purposes, be supported. . . eliminating any claim on appeal of sufficiency of evidence to support a trial court's finding of fact or conclusion of law." With regard to Marcel's retirement benefits, the order specifically provided that the divorce decree was ambiguous and the parties intended to award Linda one-half of Marcel's profit-sharing retirement benefits as "accrued between June 4, 1988, the date of the marriage, and March 10, 1993, the date of divorce." The order further awarded Marcel attorney's fees in the amount of $3,000.00. Linda then perfected this appeal.

## ANALYSIS

In two issues, Linda challenges the trial court's enforcement and clarification order. Linda first argues the trial court abused its discretion in finding the divorce decree to be ambiguous and awarding her only one-half of Marcel's retirement benefits as accrued from the date of the marriage to the date of divorce. Linda also argues the trial court abused its discretion in awarding Marcel attorney's fees.

### I. Retirement Benefits

### Standard of Review

"We review the trial court's ruling on a post-divorce motion for clarification or enforcement of a divorce decree for an abuse of discretion." *Douglas v. Douglas*, 454 S.W.3d 591, 595 (Tex. App.—El Paso 2014, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Id.*

### Applicable Law

A party affected by a divorce decree may seek to enforce and clarify the decree's property division by filing an enforcement and clarification action. TEX. FAM. CODE ANN. § 9.001(a) (West 2006); *id*. at § 9.006(a) (West Supp. 2014); *Joyner v. Joyner*, 352 S.W.3d 746, 749 (Tex. App.—

San Antonio 2011, no pet.). In the event a trial court finds the division of property as provided in the divorce decree to be ambiguous or insufficiently specific, then the court may render an enforcement and clarification order to enforce compliance with the original division of property. TEX. FAM. CODE ANN. § 9.007(b) (West. Supp. 2014); *Douglas*, 454 S.W.3d at 595; *Joyner*, 352 S.W.3d at 749. However, a trial court may not amend, modify, alter, or change the division of property originally set out in the decree. TEX. FAM. CODE ANN. § 9.007(a), (b); *Joyner*, 352 S.W.3d at 749.

In interpreting the language of a divorce decree, we apply the general rules applicable to the construction of judgments — that is, we construe the decree as a whole to harmonize and give effect to the entire decree. *Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009); *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003); *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). If the decree is unambiguous, we interpret it by adhering to the literal language used. *Hagen*, 282 S.W.3d at 901; *Shanks*, 110 S.W.3d at 447; *Reiss*, 118 S.W.3d at 443. If, however, the decree is ambiguous — that is, subject to more than one reasonable interpretation — then we must review the record along with the decree and adopt the construction that correctly applies the law. *Hagen*, 282 S.W.3d at 901; *Shanks*, 110 S.W.3d at 447; *Reiss*, 118 S.W.3d at 443. Whether a divorce decree is ambiguous is a question of law. *Hagen*, 282 S.W.3d at 901; *Shanks*, 110 S.W.3d at 447; *Reiss*, 118 S.W.3d at 443.

### *Application*

As noted above, Linda argues the trial court abused its discretion in finding the divorce decree to be ambiguous and interpreting the decree as limiting her award of Marcel's retirement benefits to one-half of the amount of benefits accrued during the marriage. According to Linda, the decree unambiguously awards her one-half of Marcel's retirement benefits based on the amount of those benefits at the time Marcel either retires or leaves Dixie Iron Works, whichever

occurs first. To support her position, Linda points to the phrase "at the time of retirement or having left the employment of Dixie Iron Works," arguing the language clearly indicates the parties intended to base Linda's one-half percentage on Marcel's *total* retirement benefits.

In response, Marcel argues the trial court did not abuse its discretion because the provision in the divorce decree regarding his retirement benefits is ambiguous and the trial court's interpretation is consistent with the intent of the parties. According to Marcel, Linda conceded the provision is ambiguous when she filed her original petition requesting the trial court to clarify the terms of the decree due to an anticipated ambiguity. Marcel also contends that Linda's interpretation requires the use of the word "total," and in the absence of that word, the provision is subject to more than one reasonable interpretation.

After reviewing the provision regarding Marcel's retirement benefits in light of the whole decree, we agree with Linda that the decree unambiguously awards her a one-half interest in the total amount of Marcel's retirement benefits. Here, the provision provides that Linda is awarded, "[o]ne-half of Respondent's [Marcel's] Profit Sharing Plan at the time of retirement or after having left the employment of Dixie Iron Works." Contrary to Marcel's position, this language is subject to one meaning — that Linda is to receive one-half of his retirement benefits — the total of which is to be determined at the time of his retirement or when he leaves. This interpretation is consistent with prior cases from this court, specifically *Lopez v. Lopez*, which we find instructive. *See* No. 04-04-00277-CV, 2004 WL 2945697 (Tex. App.—San Antonio Dec. 22, 2004, no pet.) (mem. op.).

In *Lopez*, the divorce decree provided, in pertinent part, that "Respondent shall be entitled to the maximum allowable portion of the Petitioner's military retirement when he retires. The amount is to be determined at the date of the Respondent's retirement . . . ." *Id.* at *1. As Marcel does here, the husband in *Lopez* argued the value of his retirement should be based on the value of

"the community interest at the time of the divorce." *Id.* We disagreed and held the decree unambiguously provided that the value of his retirement benefits should be based on the value of his *total* benefits determined at the date of his retirement. *Id*. at \*2 (emphasis added). In that case, we concluded that we had to effectuate the plain language of the decree pursuant to *Shanks v. Treadway* and *Reiss v. Reiss*. *Id.* at \*3; *see Shanks*, 110 S.W.3d at 447; *Reiss*, 118 S.W.3d at 443.

In *Shanks*, the Texas Supreme Court analyzed a divorce decree that provided the wife was entitled to a "pro rata interest" of the husband's pension plan with "pro rata interest" meaning "25% of the total sum or sums to be paid to [the husband] from such pension." 110 S.W.3d at 447. The court held such language was unambiguous and the wife was entitled to 25% of the total amount of the husband's pension plan. *Id.* In *Reiss*, the Texas Supreme Court considered a decree that provided, "Wife shall receive fifty percent (50%) of such retirement or pension benefit to which [the husband] is entitled to receive." 118 S.W.3d at 442. The court concluded this language was similar to the language in *Shanks* and thus, unambiguous, holding the wife was entitled to one-half of the husband's total pension benefits. *Id.*

Here, as in *Shanks*, *Reiss*, and *Lopez*, we are faced with similar unambiguous language, and therefore, bound by the literal meaning of the divorce decree. *See Shanks*, 110 S.W.3d at 447; *Reiss*, 118 S.W.3d at 443; *Lopez*, 2004 WL 2945697, at \*2–\*3. Although Marcel argues Linda conceded the language was ambiguous, we conclude this argument is without merit. Specifically, Marcel points to the following statement in Linda's original petition language to support his claim that Linda conceded: "Petitioner also anticipates that, due to an ambiguity in the terms of the Decree, the Court will be called upon to clarify the terms of the Decree." However, that pleading was superseded by her amended petition, which no longer contained that statement or any statement regarding the decree being ambiguous. Rather, the amended pleading sought to enforce the divorce decree as written, and because it supersedes the original petition, the original petition

ceases to be a judicial admission. *See Leonard v. Coastal State Crude Gathering, Co.*, No. 04-02-00238-CV, 2003 WL 21067090, at *6 (Tex. App.—San Antonio May 14, 2003, pet. denied) (mem. op.) (stating it is well-established that pleadings that are amended cease to be judicial admissions). Additionally, even if the parties agree the language is ambiguous, whether a decree is ambiguous is a question of law we must determine by reviewing the decree as a whole. *See Hagen*, 282 S.W.3d at 901; *see also City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 722 (Tex. App.—Fort Worth 2008, pet. filed) (explaining that when "the meaning of a contract is unambiguous, a party's construction is immaterial"); *Doe v. Tex. Ass'n of Sch. Boards, Inc.*, 283 S.W.3d 451, 458–59 (Tex. App.—Fort Worth, 2009, pet. denied) (stating that we may conclude agreement to be ambiguous even if parties do not plead ambiguity or argue agreement contains ambiguity).

With regard to Marcel's next argument — that the provision fails to include the word "total" and therefore, is ambiguous — we also disagree, pointing out that the language analyzed by the Texas Supreme Court in *Reiss* also lacked the word "total." *See Reiss*, 118 S.W.3d at 442. There is nothing to suggest this court should interpret the current decree differently than the one interpreted by the court in *Reiss*. As in *Reiss*, the pertinent language of the decree in this case unequivocally awards Linda one-half of Marcel's retirement benefits "regardless of when they accrued." *See id.* at 443. And, as we stated in *Lopez*, "If the parties intended otherwise, they would have expressly limited [the wife's] share to the value *at divorce*." *Lopez*, 2004 WL 2945697, at *2 (emphasis added). Accordingly, we hold that because the language of the decree is unambiguous, the trial court was required to interpret the decree literally, which it failed to do. In sum, we hold the trial court erred in finding the decree to be ambiguous and then construing the decree to award Linda one-half of Marcel's benefits accrued during the marriage.

## II.    *Attorney's Fees*

In her second issue, Linda argues the evidence was legally insufficient to support the trial court's award of attorney's fees in favor of Marcel.  Specifically, Linda argues the testimony provided by Marcel's attorney was conclusory, and therefore, not competent evidence to support Marcels' request for attorney's fees.  In support of her contention, Linda relies on *Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, no pet.).

To begin, we note that in this case, the parties agreed to forego an evidentiary hearing on Linda's enforcement and clarification action and stipulated that the order would be supported on appeal, eliminating *any* claim on appeal concerning sufficiency of the evidence.  A party's stipulation constitutes a judicial admission, estopping that party from making a claim to the contrary."  *See McCuen v. Huey*, 255 S.W.3d 716, 726 (Tex. App.—Waco 2008, no pet.).  Because of the parties' stipulation, we hold Linda is estopped from making her sufficiency claim.  *See id*.

With regard to Linda's reliance on *Eberstein*, we conclude that case is inapplicable.  In *Eberstein*, the court held the summary judgment evidence was insufficient as a matter of law to support the award of attorney's fees because the affidavit was conclusory, and thus, not competent summary judgment evidence.  *Id.* at 630.  Unlike *Eberstein*, this case does not require us to determine whether an affidavit is competent summary judgment evidence.  Here, the trial court awarded attorney's fees in favor of Marcel, stating the testimony of counsel regarding attorney's fees from the prior default judgment hearing was carried with the case.  In cases involving default judgments, this court has recognized that the trial court "may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in a proceeding before the court."  *Lefton v. Griffith*, 136 S.W.3d 271, 279–80 (Tex. App.—San Antonio 2004, no pet.) (quoting Tex. Civ. Prac. & Rem. Code § 38.004(1) (West 2008)); *see also Paez v. Trent Smith Custom Homes, LLC*, No. 04-13-00394-CV, 2014 WL 1089751, at \*5 (Tex.

App.—San Antonio March 19, 2014, no pet.) (mem. op.). Even if the trial court does not state it was taking judicial notice of the usual and customary attorney's fees, we may presume the trial court did so. *See Paez*, 2014 WL 1089751, at *5; *Lefton*, 136 S.W.3d at 280.

Here, during the default judgment hearing, the trial court heard testimony from Marcel's attorney regarding attorney's fees and we may presume the trial court took judicial notice of the customary fees and contents of the file without hearing further evidence. *See Paez*, 2014 WL 1089751, at *5; *Lefton*, 136 S.W.3d at 280. Even if we presume, as Linda contends, that the testimony was conclusory, we also presume the trial court took judicial notice of the customary fees and the file. *See Paez*, 2014 WL 1089751, at *5; *Lefton*, 136 S.W.3d at 280. Accordingly, we hold the evidence of attorney's fees is legally sufficient to support the award and overrule Linda's second issue.

## CONCLUSION

As to the division of retirement benefits, we hold the divorce decree is unambiguous, and the trial court abused its discretion in finding the decree to be ambiguous and awarding Linda one-half of Marcel's retirement benefits based on the amount of benefits accrued during the marriage. With regard to the trial court's award of attorney's fees in favor of Marcel, however, we hold the evidence is legally sufficient to support the award. We therefore affirm the portion of the trial court's order awarding Marcel attorney's fees, but reverse the portion of the order awarding Linda only one-half of the retirement benefits that accrued during the marriage and render judgment that Linda is entitled to one-half of Marcel's *total* retirement benefits.

Marialyn Barnard, Justice