

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00742-CV

Sarah A. **SMITH-BRAGG**,
Appellant

v.

Richard R. **BRAGG**,
Appellee

From the County Court at Law, Medina County, Texas
Trial Court No. 20-03-7912-CCL
Honorable Mark Cashion, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: December 23, 2024

REVERSED AND RENDERED IN PART; VACATED IN PART; AFFIRMED IN PART

Appellant Sarah A. Smith-Bragg ("Sarah") appeals the trial court's post-divorce enforcement order. In the enforcement order, the trial court granted appellee Richard R. Bragg ("Richard") possession of a vehicle that had been previously deemed Sarah's sole separate property by the parties' divorce decree. In her sole issue, Sarah argues the trial court's enforcement order is void because it alters the division of property made in the divorce decree in violation of section 9.007 of the Texas Family Code. We agree the trial court lacked jurisdiction to modify the

division of property made in the divorce decree, and we vacate the portion of the trial court's enforcement order pertaining to the vehicle.

## BACKGROUND

Sarah and Richard were married on August 23, 2019, and they divorced on February 11, 2022. Relevant to this appeal, the trial court's final divorce decree awarded Sarah a 2015 Ford Expedition ("the vehicle") as her sole separate property, subject to debt secured by the vehicle. The divorce decree expressly divested Richard "of all right, title, interest and claim in and to" the vehicle. The divorce decree stated Sarah was solely responsible for any liens on the vehicle and for obtaining an insurance policy covering the vehicle. The trial court also ordered Sarah to refinance the vehicle to remove Richard and Michelle Denise Howard from the current loan on the vehicle. The record does not reflect any post-judgment motions that would extend the trial court's plenary power were filed; thus, the trial court's plenary power expired on March 13, 2022. *See* TEX. R. CIV. P. 329b(d) (providing a trial court's plenary power generally expires "within thirty days after the judgment is signed").

On March 31, 2022, Richard filed a motion to enforce the divorce decree claiming Sarah failed to refinance the vehicle or obtain insurance coverage for the vehicle.[1] Richard sought reimbursement for vehicle loan payments and insurance payments Sarah was required to pay in accordance with the divorce decree.

On July 11, 2022, the trial court signed an enforcement order regarding the vehicle.[2] The trial court found Sarah failed to refinance the vehicle, or provide proof of the required refinance, in violation of the final divorce decree. Although the appellate record does not contain an order

---

[1] Richard also sought enforcement of other provisions of the divorce decree; however, the rulings pertaining to the enforcement of those provisions are not relevant to this appeal.
[2] The July 11, 2022 order was merged into a final enforcement order that was signed on May 10, 2023.

for Sarah to deliver the vehicle to Richard, the trial court's enforcement order states Sarah has failed to deliver the vehicle to Richard "as ordered, that delivery of the [vehicle] is no longer an adequate remedy, and [Sarah's] failure to deliver the [vehicle] has caused damages to [Richard]." The trial court ordered Richard "be entitled to immediate possession of the [vehicle] and that [Richard] be entitled to any reasonable means necessary to exercise possession including but not limited to receiving a Writ of Execution directing any peace officer to use reasonable force if necessary for [Richard] to attain possession [of the vehicle]." Sarah appeals the trial court's enforcement order.

## DISCUSSION

In her sole issue, Sarah argues the trial court erred when it ordered that Richard was entitled to the vehicle. Sarah contends the enforcement order changed the division of property made in the divorce decree. Because a change in the division of property made in the divorce decree is beyond the power of the court, Sarah argues the trial court lacked jurisdiction to make the change and the order should be vacated because it is unenforceable and void. Richard presents no arguments on appeal because he did not file an appellee's brief.

"Whether a trial court has jurisdiction is a question of law that we review de novo." *Joyner v. Joyner*, 352 S.W.3d 746, 749 (Tex. App.—San Antonio 2011, no pet.).

A party affected by a divorce decree may file suit to request enforcement of that decree. TEX. FAM. CODE ANN. § 9.001. The trial court may render further orders to enforce the division of property made in a divorce decree to assist in the implementation of or to clarify the prior order so long as the substantive division of property is not altered or changed. *Id.* § 9.006(a)–(b). Section 9.007 of the Texas Family Code expressly limits the trial court's enforcement power by

prohibiting the trial court from changing the division of property made in the divorce decree. *Id.* § 9.007(a). Section 9.007 provides:

> (a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.
>
> (b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.

*Id.* § 9.007(a)–(b); *see also Medellin v. Medellin*, No. 04-13-00138-CV, 2013 WL 5949930, at *2 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) ("[Subsection] 9.007(b) of the Texas Family Code provides that an order amending, modifying, altering, or changing 'the actual, substantive division of property made or approved' in a divorce decree is 'beyond the power of the divorce court and is unenforceable.'" (quoting TEX. FAM. CODE ANN. § 9.007(b))). "Orders that modify or change a divorce decree in violation of [subsection] 9.007(b) are void." *Medellin*, 2013 WL 5949930, at *2.

Here, the divorce decree clearly awarded Sarah the vehicle as her sole separate property. The divorce decree divested Richard "of all right, title, interest and claim in and to" the vehicle. The trial court's plenary power to change or modify the substantive division of property expired thirty days later, on March 13, 2022. *See* TEX. R. CIV. P. 329b(d). Despite section 9.007's limitation on the trial court's authority, the trial court nevertheless attempted to change the substantive division of the property made in the divorce decree by granting Richard immediate possession of the vehicle after its plenary power had expired. Because the trial court was without authority to amend, modify, alter, or change the actual, substantive division of property made in the divorce decree, it lacked jurisdiction to render the portion of the enforcement order pertaining

to the vehicle. *See* TEX. FAM. CODE ANN. § 9.007(b). Thus, its portion of the enforcement order pertaining to the vehicle is void and unenforceable. *See id.*; *Medellin*, 2013 WL 5549930, at \*2.

Accordingly, we sustain Sarah's sole issue.

## CONCLUSION

Because the trial court lacked jurisdiction to modify, alter, or change the division of property made in the divorce decree, the portion of its enforcement order pertaining to the vehicle is void and unenforceable. We reverse and vacate the portion of the trial court's order that entitles Richard to immediate possession of the vehicle. We affirm the remainder of the trial court's final enforcement order.

Irene Rios, Justice